# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BOBBY LEE MILES, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MYRON L. BATTS, Warden, and ANGELA ) <br> OWENS, ) <br> ) <br> Respondents. ) | No. 2:18-cv-02553-TLP-tmp |

## ORDER DENYING PETITION FILED UNDER 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Bobby Lee Miles[1] petitioned pro se for habeas corpus relief under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent, FCI Memphis Warden Angela Owens, responded in opposition. (ECF No. 11.) And Petitioner did not reply. For the reasons below, this Court **DENIES** the § 2241 Petition.

## PROCEDURAL HISTORY

### I.     Petitioner's Federal Criminal Case and Collateral Challenges

In 2013, Petitioner pleaded guilty, under a written plea agreement, in the United States District Court for the Middle District of Tennessee to one count of distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *Miles v.*

---

[1] The Bureau of Prisons has custody of Petitioner and is housing him at the Federal Correctional Institution in Memphis, Tennessee. The BOP has assigned Petitioner register number 21954-075.

*United States*, No. 17-5858, 2018 WL 3689553, at *1 (6th Cir. Mar. 14, 2018). The court sentenced Petitioner as a career offender, under the advisory sentencing guidelines, to concurrent terms of 151 months of imprisonment for the drug charge and 120 months of imprisonment for the firearm charge. *Id.* He did not appeal. *Id.*

A few years later, Petitioner moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, in the United States District Court for the Middle District of Tennessee. *Id.* He argued that, under *Johnson v. United States*, 576 U.S. 591 (2015), this Court could no longer consider his Tennessee conviction for aggravated burglary a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a). *Miles*, 2018 WL 3689553, at *1. He then amended his claim about the aggravated burglary conviction relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016) instead of *Johnson*. The Government countered that Petitioner waived the right to attack his sentence in the plea agreement—even collaterally. *Id.* And, argued the Government, the Court did not need the residual clause to find aggravated burglary was a crime of violence because the statute included it under the enumerated offenses clause. *Id.*

The district court there denied the motion based on *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), which stated that the advisory sentencing guidelines were not subject to vagueness challenges. *Miles*, 2018 WL 3689553, at *1. The Sixth Circuit denied a certificate of appealability because reasonable jurists would not disagree with dismissal of the claim. *Id.* at *2.

## II.    Petitioner's § 2241 Petition

In his § 2241 Petition here, Petitioner asserts three grounds for relief:

**Ground One**: Petitioner is actually and factually innocent of committing the violent crime of aggravated burglary under Tennessee Code Ann. § 39-14-403, considering *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

**Ground Two:** The career offender provision § 4B1.2(a) of the United States Sentencing Guidelines is vague and unconstitutional in light of the Supreme

Court's ruling in *Sessions*;

**Ground Three**: The Tennessee aggravated burglary statute is vague, unconstitutional, and divisible, considering *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Sessions*.

(ECF No. 1 at PageID 4–5; *see also* ECF No. 1-1 at PageID 8–12.) Petitioner invokes the savings clause of 28 U.S.C. § 2255(e) to bring this § 2241 Petition, based on actual innocence. (ECF No. 1-1 at PageID 8.) Respondent argues, based on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), that this Court has no jurisdiction over the § 2241 Petition (ECF No. 11 at PageID 42–45) and that his claim fails on the merits. (*Id.* at PageID 45–46.)

## STANDARD OF REVIEW

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain this relief only under limited circumstances. The "savings clause" in § 2255 says:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also Wright v. Spaulding*, 939 F.3d 695, 698 (6th

3

Cir. 2019) ("The rule [is] simple: § 2255 for attacks on a sentence, § 2241 for other challenges to detention."); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served.").

Petitioner here attacks the imposition of his sentence. As a result, habeas relief is unavailable to him under § 2241, unless relief under § 2255 is inadequate or ineffective—in other words, unless the savings clause applies. *See* 28 U.S.C. § 2255(e). What is more, Petitioner bears the burden of proving that § 2255 is inadequate or ineffective and that the savings clause applies. *Charles*, 180 F.3d at 756. And some might think petitioners file under § 2241 just because the court denied their motion under § 2255. But that is not the case.

Instead, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright*, the Sixth Circuit stated:

> A federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

*Wright*, 939 F.3d at 703 (internal citations omitted).

And if the savings clause applies, a prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804–805 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). And "[a]ctual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, a petitioner could not use § 2241 to raise claims of actual innocence of a sentencing enhancement. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

But in *Hill v. Masters*, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." 836 F.3d at 595. As for the third prong, a petitioner may show a fundamental defect in two ways: (1) if his sentence exceeds the maximum prescribed by statute, *id.* at 596, and (2) if the court sentenced him under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 599–600.

With these standards in mind, this Court will now explain why Petitioner's claim here fails.

## **ANALYSIS**

For starters, Petitioner's claim here does not satisfy the *Hill* test, and it does not fall under either of the subsets of cases redressable under the § 2255 savings clause. First, Petitioner does

5

not argue that his sentence exceeds the statutory maximum. (*See* ECF No. 1-1.) And second, the sentencing court sentenced Petitioner under the advisory guidelines—not the mandatory guidelines. *See Miles*, 2018 WL 3689553, at *1. This is important, because the *Hill* court did not extend the savings-clause remedy to defendants sentenced under the advisory guidelines. *See* 836 F.3d at 599–600. To the contrary, the *Hill* court emphasized that it was only extending the remedy to a "narrow subset" of § 2241 petitions. *Id.* ("we reiterate that our decision addresses only a narrow subset of § 2241 petitions . . . prisoners who were sentenced under the *mandatory* guidelines regime pre-*United States v. Booker* . . .") (emphasis added).

The Sixth Circuit has held that non-constitutional challenges to an advisory guidelines range are unavailable on collateral review in the § 2255 context. *Snider v. United States*, 908 F.3d 183, 189–90 (6th Cir. 2018). Other courts have generally agreed that advisory guideline errors cannot be fundamental defects warranting collateral relief. *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citation omitted)); *Spencer v. United States*, 773 F.3d 1132, 1139–42 (11th Cir. 2014) (en banc); *Hawkins v. United States*, 706 F.3d 820, 822–25 (7th Cir. 2013); *see also Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (holding that even mandatory guideline errors are not fundamental defects).

Because Petitioner's claims here do not fall into the narrow subset of claims allowed under *Hill*, he may not use § 2241 to challenge his sentence. The Court therefore **DENIES** Petitioner's § 2241 Petition.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v.*

*United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

Habeas petitioners seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has no right to relief here, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith. So the Court **DENIES** leave to appeal in forma pauperis.[2]

**SO ORDERED**, this 21st day of June, 2021.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed in forma pauperis and file a supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.